UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
STEVEN JOYNER,

                Plaintiff,

      - against -

POLICE OFFICER ERIC CRUZ; CITY OF
NEW YORK; NEW YORK CITY POLICE
DEPARTMENT; and NEW YORK CITY
DEPARTMENT OF CORRECTIONS,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-2826 (PKC) (JAM)

PAMELA K. CHEN, United States District Judge:

Plaintiff Steven Joyner ("Plaintiff"), currently being held at Otis Bantum Correctional Center, brings this *pro se* action pursuant to 42 U.S.C. § 1983 ("Section 1983") against NYPD Officer Eric Cruz, Badge No. 1640 ("Officer Cruz"), the City of New York ("City"), the New York City Police Department ("NYPD"), and the New York City Department of Corrections ("NYC DOC"). (*See* Compl., Dkt. 6.)[1] Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915, (IFP Mot., Dkt. 2), is granted. For the reasons discussed below, Plaintiff's claims against the City, NYPD, and NYC DOC are dismissed. Plaintiff's claims against Officer Cruz shall proceed.[2]

---

[1] On May 12, 2025, Plaintiff filed this action but failed to sign the complaint. (*See* Unsigned Compl., Dkt. 1, at ECF 6.) Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination. The Court directed Plaintiff to re-file a signed version, (6/26/2025 Dkt. Order; 8/1/2025 Dkt. Order), and Plaintiff filed the signed Complaint on August 26, 2025, (*see* Compl., Dkt. 6, at ECF 6).

[2] It is unclear from the Complaint whether Plaintiff intended to bring claims against John Doe officers. Although the Complaint contains allegations against Defendant Cruz and "other officers," (Compl., Dkt. 6, at ECF 4), the reference to "John Doe also other NY" in the caption is crossed out and no John Doe officers are listed on the second page of the form Complaint, which

**BACKGROUND**

Plaintiff asserts that on August 10, 2024, he was attacked, assaulted, and arrested without probable cause by Officer Cruz and other officers. (Compl., Dkt. 6, at ECF 2–5.) According to Plaintiff, the officers acted deliberately and without provocation, causing him to suffer a dislocated and micro-fractured shoulder because of their excessive and unwarranted use of force. (*Id.* at ECF 5.) He further contends that, despite alerting the officers multiple times that he was experiencing extreme pain and requesting to be taken to the emergency room, the officers denied him emergency medical attention. (*Id.*) Plaintiff alleges that Officer Cruz responded to his repeated requests for medical attention by saying, *inter alia*, "you cannot afford medical attention, [you're] homeless," and "you don[']t deserve to rec[ei]ve emergency medical attention." (*Id.* at ECF 4.) Plaintiff seeks a "lump sum" of $2 million. (*Id.* at ECF 6.)

**LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976));

---

directs the plaintiff to "[l]ist all defendants." (*Id.* at ECF 1–2.) To the extent Plaintiff seeks to assert claims against John Doe officers as well, he may seek to amend his Complaint to do so.

*see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, under 28 U.S.C. § 1915, a district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *Id.* § 1915A(a).

## DISCUSSION

### I. Section 1983

Plaintiff brings this action under Section 1983, which provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

### II. Claims Against City Agencies

Plaintiff's claims against the NYPD and NYC DOC must be dismissed because as agencies of the City, they are not suable entities. The New York City Charter provides that "[a]ll actions or proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by

3

law." N.Y.C. Charter, Ch. 17, § 396; *see Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *Antonetti v. City of New York*, No. 20-CV-5109 (BMC) (JRC), 2022 WL 1105172, at *2 (E.D.N.Y. Apr. 13, 2022) (noting that a precinct of the NYPD is not a proper party "because under New York law municipal agencies do not have a separate identity apart from the city"); *Jakupaj v. People of USA*, No. 21-CV-4136 (LDH) (SJB), 2022 WL 580957, at *2 (E.D.N.Y. Feb. 25, 2022) ("The [NYC DOC], as an agency of the City of New York, lacks an independent legal existence and is not a suable entity."). Therefore, Plaintiff's claims against the NYPD and NYC DOC are dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

### III.     Claims Against the City

Plaintiff has likewise failed to state a Section 1983 claim against the City. Although "'municipalities and other local government units' are 'persons' who may be sued under [Section 1983]," *Friend v. Gasparino*, 61 F.4th 77, 93 (2d Cir. 2023) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)), in order to hold a municipality liable under Section 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). "The Supreme Court has made clear that 'a municipality cannot be made liable' under [Section 1983] for acts of its employees 'by application of the doctrine of *respondeat superior*.'" *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986)). "Rather, a plaintiff must identify either an 'express rule or regulation,' a practice that 'was so persistent or widespread as to [carry] the force of law,' or misconduct of 'subordinate employees' that 'was so manifest as to imply the constructive acquiescence of senior policy-making officials.'" *Swinton v. Livingston Cnty.*, No. 21-1434, 2023 WL 2317838, at *1

(2d Cir. Mar. 2, 2023) (summary order) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015)).

Here, Plaintiff fails to allege any facts to support an inference that an official policy or custom of the City caused a violation of any federally protected right. *See, e.g.*, *Diggs v. Doe*, No. 21-CV-4113 (PKC) (LB), 2021 WL 3516383, at *2 (E.D.N.Y. Aug. 10, 2021) (dismissing *pro se* plaintiff's claim against the City where plaintiff "failed to allege any factual details to support a [municipal Section 1983] claim"). Therefore, Plaintiff's claims against the City must be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, Plaintiff's claims against the City, NYPD, and NYC DOC are dismissed. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Plaintiff's claims against Officer Cruz shall proceed. The case is referred to Magistrate Judge Joseph A. Marutollo for pretrial supervision.

The Clerk of Court is respectfully directed to issue a summons for Defendant Officer Cruz. The United States Marshals Service is directed to serve the summons, Complaint, and this Order upon Defendant Officer Cruz, without prepayment of fees.

The Clerk of Court is respectfully directed to send a copy of this Order to Plaintiff and to the Corporation Counsel for the City of New York, Special Federal Litigation Division, and note the mailings on the docket. For information regarding court procedures, Plaintiff may contact the Pro Se Office at the United States Courthouse by calling (718) 613-2665.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

5

|  |  |
|---|---|
|  | */s/ Pamela K. Chen*<br>Pamela K. Chen<br>United States District Judge |
| Dated: November 4, 2025<br>Brooklyn, New York |  |